33452. CAMP *v.* ANDERSON.

DECIDED JUNE 9, 1951. REHEARING DENIED JUNE 29, 1951.

Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland Jr., for plaintiff in error.

Carl T. Hudgins, contra.

SUTTON, C. J. J. R. Anderson brought an action against Mrs. J. D. Camp to recover $500 paid to her as part of the price of certain real property and to recover attorney's fees. In his petition, the plaintiff alleged in substance the following: The defendant executed and delivered to him a written contract to sell and convey good and merchantable title to certain described real property for $1800, and in this contract, a copy of which was attached, the defendant represented that she was the owner of the property to be sold. The defendant accepted from the plaintiff a down payment of $500 on the price. Ten days after the signing of the contract, the plaintiff notified the defendant that he was ready to complete the purchase and offered to pay the balance of the purchase money, but the defendant told him that she did not have title to the property and was not in a position to convey title. Title has never been conveyed to the plaintiff. The defendant had not previously informed the plaintiff that she did not have title to the property. Although the plaintiff has demanded the return of his down payment, the defendant retains it and refuses to return it. The defendant has not acted in good faith in said matter, and is therefore liable to the plaintiff for attorney's fees of one-fourth the amount of principal and interest due; and recovery for principal, interest and attorney's fees was sought.

The material provisions of the contract were as follows:

"Decatur, Ga. March 10, 1946. The undersigned agrees to purchase through Camp Realty Co., Agents, the following described property, to wit: All that tract or parcel of land lying and being in DeKalb County, two fifty x 150 foot lots on Coventry Road, known as lots 5 and 6 in Block four—Chelsea Land Company Subdivision. Property owned by Mrs. J. Davis Camp.

"For the sum of eighteen hundred dollars ($1800.00) dollars to be paid as follows: Cash:

"It is agreed that the vendor shall furnish good and marketable title to said property and purchaser shall have a reasonable time in which to examine the same. In the event title is objected to, the vendor shall be furnished with a written statement

of all objections and be allowed a reasonable time thereafter to furnish a valid title.

"It is agreed that such papers that may be legally necessary to carry out the terms of this contract shall be executed and delivered to the parties at interest as soon as the validity of the title to said property has been established.

". . . It is expressly understood and agreed between the parties hereto that this contract as signed by them constitutes the sole and entire agreement by them, and no modification of this contract shall be binding upon either party, unless in writing, signed by them, and attached hereto. . . /s/ James R. Anderson, Purchaser.

"The above proposition is hereby accepted, this the _____ day of_____, 19_____. /s/ Mrs. J. Davis Camp.

"Conditional Earnest Money Receipt. Received of James R. Anderson the sum of five hundred dollars through Camp Realty Co., Agent, as earnest money and part payment of property described in within contract of sale. Said earnest money to remain with Agent during the term of said contract, and is subject to acceptance by the owner of said proposition, and it is to be returned to purchaser in the event said proposition is declined.

"This March 10, 1946. Camp Realty Co., By /s/ Mrs. J. Davis Camp."

The defendant in her answer admitted the execution of the contract and her receipt and retention from the plaintiff of $500 as alleged. She denied all other material portions of the petition, and further answered by alleging in substance the following: On March 10, 1946, the defendant entered into the sales agreement with the plaintiff, and at this time she had acquired by another contract the right to a conveyance of the property in question, and everything had been cleared in said transaction save a few minor technicalities. The defendant acquired title to the property in question on March 26, 1946. The plaintiff never offered to close the transaction involved in the contract of March 10, 1946. About April 10, 1946, the defendant requested the plaintiff to complete the transaction, but the plaintiff refused to do so. The defendant agreed to hold the matter open for a reasonable time in order to give the plaintiff an opportuinty to sell the lots, and the plaintiff attempted to sell the lots through

another real-estate agent. The defendant waited for three months from April 10, 1946, and then notified the plaintiff's brother, John Anderson, to whom she had been referred by the plaintiff, that a reasonable time having elapsed she would give the plaintiff until July 15, 1946, to close the transaction. The plaintiff did not comply with the contract of March 10, 1946, and at the time of the breach the market value of said lots had declined $400 below the price which the plaintiff had agreed to pay. She explained to the plaintiff that she had lost $400 by reason of his breach of the contract, but the plaintiff demanded the full $500. The plaintiff's conduct has been stubborn and litigious, and the plaintiff has not acted in good faith; the defendant is entitled to a reasonable attorney's fee of $100.

Special demurrers were filed by both parties, and the trial judge overruled the defendant's demurrers and sustained certain of the plaintiff's demurrers, to which ruling the defendant excepted pendente lite.

The case proceeded to trial, and the jury returned a verdict for the plaintiff in the sum of $500 plus $100 attorney's fees and costs. The defendant moved for a new trial, and her motion was overruled. The defendant excepts to this order, and to the order overruling her demurrers to the petition and sustaining certain of the plaintiff's demurrers to her answer.

1. Ground 4 of the amended motion is: "Because the court erred in failing to charge the jury that the measure of damages where a vendee in a contract to purchase real property breaches such contract is the difference between the contract price and the market value of such property at the time of the breach." It is contended by the movant that the plaintiff in the case breached the contract by failing or offering to perform within a reasonable time; that at the time of said breach the market value of the property in question was $400 less than the contract price; and that the movant was damaged in the sum of $400, which was claimed as a setoff against the plaintiff; and the movant contends that said rule of law was not covered by the court in the general charge.

The court charged the jury: "The defendant alleges and contends that the plaintiff did not comply with the terms of the contract and that he did thereby breach the contract, and that she

has been damaged in the sum of $400 by reason of the alleged breach. I charge you that whether or not such claim on the part of the defendant is true is a question of fact for the jury to determine from the evidence that has been presented to you and the law the court has given you in charge. When you consider this four-hundred dollar claim or setoff claim by the defendant, I charge you that the burden of proof shifts, and it then becomes the duty of the defendant to show to your satisfaction by a legal preponderance of the evidence that her claim for the four-hundred dollar setoff is just and correct." This charge was sufficient in this respect, and no error is shown by ground 4 of the motion.

2. Special grounds 5, 6 and 7 of the defendant's motion for a new trial are argued together and will be so dealt with here. Ground 5 complains of a charge that if the defendant breached the contract, as alleged by the plaintiff, and without fault of the plaintiff, then the plaintiff would be entitled to recover the $500 for which he was suing. Ground 6 complains of a charge that if the seller contracts to convey merchantable title to the property but states that she is unable to convey title before the time for performing has expired and at a time when the purchaser is ready, willing and able to comply, a right to a return of whatever earnest money has been deposited would immediately vest in the purchaser and the purchaser would be relieved of any further obligation under the contract. Ground 7 complains of a charge to the effect that if the jury found that the contract was breached by the seller, and "if you should believe that the parties did by their manner of handling the matter, under the instructions given you, believe that the contract was then legally terminated," then it would be necessary for the seller to show that she entered into a new written contract with the purchaser to entitle her to retain the earnest money paid to her by the purchaser."

It is contended that these three charges were erroneous because they instructed the jury to disregard the defense that the plaintiff had waived the defendant's breach of the contract. This contention is without merit. The judge elsewhere in his charge instructed the jury on waiver and to the effect that if the plaintiff, after learning that the defendant did not have

record title to the property in question on March 10, 1946, by his action indicated his intention to abide by said contract, he thereby waived his right to insist on a breach by reason of absence of title in the defendant on March 10, 1946, if the defendant on that date had a contract to acquire title to the property and did acquire it prior to the time she was obligated to transfer the title to the plaintiff.

There was evidence to the effect that some ten days after the contract between the parties was entered into, the plaintiff, being ready, willing and able to comply with its terms, called upon the defendant to make him a deed to the lots described therein, which the defendant failed and refused to do, giving as an excuse that she did not have title to the lots. Soon thereafter the plaintiff moved to Columbia, South Carolina, and heard nothing more from the defendant until his brother, John Anderson, wrote him a letter that he understood the defendant was considering or intended to sell the lots to some other party, and upon receiving this information the plaintiff came from his home in South Carolina to Decatur, Georgia, about the middle of August, 1946, and called on the defendant to make him a deed to the lots or to refund the $500 that he had paid her on the lots, and she informed him that she could not make him a deed as she had sold and deeded the property to another party at a loss, and refused to pay him the $500 earnest money, but did offer him a check for $200, which he refused.

The charges complained of in grounds 5, 6 and 7 of the motion were authorized under the evidence, and no error is shown by these grounds of the motion.

3. Special ground 8 of the motion complains of the following charge: "The plaintiff contends that the defendant has no moral or legal right to withhold the $500 from the plaintiff, and that the defendant has not acted in good faith and is, therefore, liable to plaintiff for attorney's fees of one-fourth of the amount of principal and interest sued for. I charge you that for the plaintiff to recover attorney's fees it must be shown to your satisfaction by a legal preponderance of the evidence that the defendant has not acted in good faith and has displayed a stubborn and litigious spirit in this matter," on the ground that it was not authorized by the evidence or under any rule of law

applicable to the case. Code § 20-1404 provides, "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

Briefly, there was evidence to the effect that the defendant had failed and refused to convey the two lots in question to the plaintiff, which she had obligated herself to do, although the plaintiff was ready, willing and able to comply with the contract, and that she had also refused to refund him the $500 earnest money which he had paid her on the property. This ground of the motion is without merit.

4. Ground 9 of the motion complains that the trial judge erred in refusing to allow the defendant to answer the following question: "Shortly prior to March 10, 1946, did you have a conversation with Mr. Peacock with the title company?" where it is alleged that the answer would have been that Mr. Peacock stated to her that the preliminary title report had been received on said date and that everything had been cleared up except a few minor objections to be taken care of in due course. This testimony was hearsay and was inadmissible, and this ground of the motion is without merit.

5. The general grounds of the motion for a new trial are abandoned; and, under our view of the case, it is not deemed necessary to rule on the assignments of error on the rulings on demurrer, other than to say that no harmful error is shown thereby. The trial judge did not err in overruling the defendant's motion for a new trial.

Pursuant to the act of 1945 (Ga. L. 1945, p. 232; Code (Ann. Supp.) § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. MacIntyre, P.J., Gardner, Townsend and Worrill, JJ., concur. Felton, J., concurs in part and dissents in part.*

FELTON, J., concurring in part and dissenting in part. As to the exception to the failure to charge on the measure of damages, there is no exception to the failure to charge correctly on the plaintiff's measure of damages and if the failure to charge as to

defendant's measure of damages was error, it was harmless, inasmuch as the jury found for the plaintiff. I dissent from the judgment insofar as it relates to the charge authorizing attorney's fees. I do not think the evidence authorized such a charge.